IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR205 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID GURROLA, | ) | PRELIMINARY ORDER |
| DANIEL VILLALPANDO, | ) | OF FORFEITURE |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture and <u>Memorandum</u> Brief (Filing No. 60). The Court has reviewed the record in this case and finds as follows:

1. Defendants have entered into Plea Agreements, whereby they have agreed to plead guilty to Counts III, V, VI and VII of said Superseding Indictment. Count III of said Superseding Indictment charges the defendant, Daniel Villalpando, with distribution of methamphetamine (actual), a violation of 21 U.S.C. § 841. Count VII of said Superseding Indictment charges the defendant, David Gurrola, with distribution of methamphetamine (actual), a violation of 21 U.S.C. § 841. Counts V and VI of said Superseding Indictment charges the defendants with using a 1995 Chevrolet K1500 Tahoe, VIN 1GNEK13K5SJ453828, and a 1995 Ford Contour, VIN 1FALP6531SK199877 to facilitate the commission of the controlled substance violations and charges said personal properties are derived from proceeds obtained directly or indirectly as a result of the commission of the controlled substance violations.

Pursuant to the Plea Agreement (Filing No. 48) the defendant, David Gurrola, also agreed to forfeit $1,150.00 in United States currency seized from him on June 29, 2006.

    2. By virtue of said pleas of guilty, the defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

    3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

    IT IS ORDERED:

    A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

    B. Based upon Counts V and VI of the Superseding Indictment and the defendants' pleas of guilty, the United States Bureau of Alcohol, Tobacco and Firearms for the District of Nebraska ("ATF") is hereby authorized to seize the following-described properties: $1,150.00 in United States currency, a 1995 Chevrolet K1500 Tahoe, VIN 1GNEK13K5SJ453828, and a 1995 Ford Contour, VIN 1FALP6531SK199877

    C. Defendants' interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

    D. The aforementioned forfeited properties are to be held by ATF in its secure custody and control.

    E. Pursuant to 21 U.S.C., § 853(n)(1), ATF forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject

properties are situated, notice of this Order, notice of ATF's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

      F.  Said published notice shall state the Petition referred to in Paragraph E above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject properties and any additional facts supporting the petitioner's claim and the relief sought.

      G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

      H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

      DATED this 16th day of October, 2006.

      BY THE COURT:

      /s/ Lyle E. Strom

      LYLE E. STROM, Senior Judge
      United States District Court